OPINION of the Court, by
Judge Owsley.
This is an appeal from a judgment recovered by the appellee on an obligation given by the appellant for 1003/. 18s. 3d. with interest thereon from the date, in good merchantable whiskey, in good casks, at 2.9. 3d. per gallon. The trial was had on an issue joined to the plea of covenants performed ; and a verdict obtained for 1129/. 2s. 6d. without any other evidence being produced to the jury, but the obligation upon which the action was brought. A motion was then made for a new trial, on the ground that no evidence of the value of the whiskey^ was produced. The motion was overruled and judg*’* ment entered on-the verdict.
The court acted correctly in overruling the motion for a new trial. It was not incumbent on the plaintiff in that court to produce any other evidence than th* obligation, to authorise the finding of the jury ; but if it were, the obligation is not made a part of the record *297 by bill of exceptions or otherwise, and this court could not therefore say the finding of the jury was not justified by it.
Exceptions were also taken to the opinion of the court below in refusing to grant a continuance of the cause. The ground of that application was the failure of the plaintiff in that court, who was a nonresident, to give bond with security for the payment of costs, before the calling of the cause for trial. It is not even suggested in the bill of exceptions taken to the refusal of the court to continue the cause, that the appellant was not prepared for trial; and according to the decision in the case of Cox vs. Fenwick (ante 188) the mere circumstance of the bond not having been executed until the calling of the cause, does not furnish sufficient cause for a continuance.
In answer to the assignment of errors which questions the sufficiency of the bond given for costs, it need only to be remarked, no objections were made to its sufficiency until after the jury was sworn ; and besides, it substantially conforms to the requisitions of the law.
The judgment must therefore be affirmed with damages and costs.